## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE IGNACIO SALINAS-LANDAVERDE, § <br>     Petitioner § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br>     Respondent. § | Civil Action No. 1:17-152 |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 27, 2017, Petitioner Jose Ignacio Salinas-Landaverde ("Salinas-Landaverde") filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Salinas-Landaverde's petition attacks the sentencing proceedings in his criminal conviction. Accordingly, the petition is really a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

Salinas-Landaverde previously filed an unsuccessful § 2255 petition. Salinas-Landaverde v. USA, Civil No. 1:17cv119 (S.D. Tex. 2017). Despite its label, the instant petition is in fact Salinas-Landaverde's second § 2255 petition, for which he failed to obtain authorization from the Fifth Circuit to file. Because the Circuit Court's authorization is a necessary predicate to this Court's consideration of a successive petition, this Court lacks jurisdiction to consider Salinas-Landaverde's petition. Accordingly, the Court recommends that Salinas-Landaverde's motion be dismissed without prejudice.

### I. Procedural and Factual Background

On May 6, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Salinas-Landaverde in a four count indictment, charging him with: (1) conspiracy to possess with intent to distribute more than one kilogram of heroin; (2) possession with intent to distribute more than one kilogram of heroin; (3) conspiracy to import more than one kilogram of heroin into the United States; (4) importing more than one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 952(a) & 960(b)(2).

1

U.S. v. Salinas-Landaverde, Criminal No. 1:14-303-1, Dkt. No. 9 (hereinafter "CR").

On September 2, 2014, Salinas-Landaverde appeared before the District Judge and entered a guilty plea – without a written plea agreement – to possession with intent to distribute more than one kilogram of heroin. CR Dkt. No. 21.

**A. Sentencing**

In the final presentence report ("PSR"), Salinas-Landaverde was assessed a base offense level of 34, predicated upon a finding that he was responsible for smuggling 16.224 kilograms of heroin. CR Dkt. No. 24, pp. 6-7. He was afforded a three-level reduction for acceptance of responsibility. Id. Thus, Salinas-Landaverde was assessed a total offense level of 31. Id.

Regarding his criminal history, Salinas-Landaverde had no adult criminal convictions and was assessed 0 criminal history points and a criminal history category of I. CR Dkt. No. 24, pp. 7-8. A total offense level of 31 and criminal history category of I, produced a sentencing guideline imprisonment range of 108 to 135 months. Id. However, pursuant to 21 U.S.C. § 841(b)(1)(A), Salinas-Landaverde faced a mandatory minimum of 120 months imprisonment, which mandated a sentencing range of 120 to 135 months. Id.

The PSR noted that if Salinas-Landaverde qualified for "safety valve," under U.S.S.G. § 5C1.2, his base offense level would be reduced by two points to 29. CR Dkt. No. 24, p. 11. If this happened, his new guideline imprisonment range would be 87 to 108 months and the mandatory minimum would be no longer be required. Id.

On November 3, 2014, Salinas-Landaverde, via counsel, filed objections to the pre-sentence report. CR Dkt. No. 23. Salinas-Landaverde argued that he should only be held accountable for the drugs that he was caught with as part of his relevant conduct. Id. He also asserted that if his objection was granted, his new guideline sentencing range would be 70 to 87 months. Id.

On December 12, 2014, the District Court held the sentencing hearing and afforded Salinas-Landaverde the safety valve reduction. The Court also granted Salinas-Landaverde's objections as to relevant conduct, resulting in a guideline sentencing range of 70 to 87

months. CR Dkt. No. 30. Salinas-Landaverde was then sentenced to 84 months of incarceration, three years of supervised release and a $100 special assessment, the last of which was ordered remitted. CR Dkt. No. 29. Judgment was entered on December 19, 2014. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Salinas-Landaverde's deadline for filing a notice of appeal passed on January 2, 2015.

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On March 2, 2017, Salinas-Landaverde filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence.[1] Salinas-Landaverde v. USA, Civil No. 1:17cv119 (S.D. Tex. 2017), Dkt. No. 1. In that motion, Salinas-Landaverde asserted that he should have received a sentencing reduction for only playing a minor role in the drug conspiracy. He did not argue that his lawyer was ineffective for failing to seek such a benefit, but merely that it should have been afforded to him.

On June 14, 2017, the Magistrate Judge issued a report and recommendation, which recommended that the petition be denied as meritless and untimely filed. Id., Dkt. No. 4.

On July 18, 2017, the District Judge adopted the report and recommendation in full, denying the petition. Id., Dkt. No. 8.

**C. Instant Motion**

On July 27, 2017, Salinas-Landaverde filed the present motion, labeling it a "petition for a writ of habeas corpus under 28 U.S.C. § 2241." Dkt. No. 1. In this motion, Salinas-Landaverde asserts that he should have been given a sentencing reduction for only playing a minor role in the drug conspiracy and that his counsel was ineffective for failing to raise this claim. Id.

---

[1] On July 17, 2015, Salinas-Landaverde filed a motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). CR Dkt. No. 32. He argued that he should receive the benefit of the retroactive application of Amendment 782 to the Sentencing Guidelines, which revised the drug quantity tables. Id. The District Court denied the motion. CR Dkt. No. 34. The Fifth Circuit affirmed the denial. CR Dkt. No. 60.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the Court clearly lacks jurisdiction to consider the petition, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

Depending upon the nature of the challenge, there are different vehicles by which to seek relief from a sentence imposed by a United States District Court. Where the legality of the <u>execution</u> of a sentence is challenged, the vehicle is <u>habeas corpus</u> relief pursuant to 28 U.S.C. § 2241. <u>U.S. v. Harris</u>, 388 Fed. Appx. 385, 386 (5th Cir. 2010) (unpubl.) (citing <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999)). On the other hand, where the relief seeks to address the <u>imposition</u> of a sentence, the proper vehicle is 28 U.S.C. § 2255. <u>Id.</u> Given Salinas-Landaverde's allegations and the Court's resolution, both vehicles are examined here.

### A. Section 2241

The proper vehicle for attacking the legality of the <u>execution</u> of a sentence is a habeas corpus petition pursuant to 28 U.S.C. § 2241. <u>Harris</u>, 388 Fed. Appx. at 386. In order to bring such a challenge, the person must be "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). Before bringing such a challenge, the petitioner must first exhaust all administrative remedies. <u>Cleto</u>, 956 F.2d at 84.

Finally, the courts with jurisdiction over such claims are only those courts within the district in which the petitioner is incarcerated. <u>Hooker</u>, 187 F.3d at 682. All other courts lack jurisdiction.

### B. Section 2255

As relevant here, 28 U.S.C. § 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Fifth Circuit has made it clear that "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Nevertheless, courts have the freedom to entertain petitions filed under § 2241 that attack errors that occurred at trial or sentencing, by construing them as § 2255 motions. Padilla v. U.S., 416 F.3d 424, 426 (5th Cir. 2005). In the "interest of efficiency" the Court may consider claimants' petitions, "as it makes no practical difference whether the claim is filed under section 2255 or section 2241." U.S. v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992).

There is, however, a "savings clause" in § 2255 by which prisoners may proceed under § 2241 if they can show their remedy under § 2255 is "inadequate or ineffective to test the legality of [their] detention." Reyes-Requena v. U.S., 243 F.3d 893, 895 (5th Cir. 2001). To avail themselves of the savings clause, petitioners must establish: 1) claims that, based upon retroactively applicable Supreme Court decisions, what the petitioner was convicted of was not a criminal offense; and, 2) that the claim, whether or not raised before the circuit court, was foreclosed by previously decided cases in that circuit. Id. at 904.

A § 2241 petition "is not a mere substitute for § 2255 and . . . the inadequacy or inefficacy requirement is stringent." Reyes-Requena, 243 F.3d at 901. "[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Moreover, "the petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Furthermore, "only the custodial court [that is the court with jurisdiction over the place where the petitioner is supervised] has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." Padilla, 416 F.3d at 416.

Furthermore, a prisoner cannot file a second § 2255 petition in the district court without the prior permission of the relevant court of appeals. That language provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2).

Successive 2255 petitions are also limited by 28 U.S.C. § 2244(b)(3)(A), which provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Thus, "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [2255] habeas petition until [the appeals] court has granted the petitioner permission to file one." U.S. v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

## III. Analysis

In analyzing Salinas-Landaverde's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Section 2241

As pointed out above, § 2241 is used to challenge the manner in which a sentence is executed, while § 2255 is the appropriate means to "collaterally attack the legality of [a petitioner's] conviction or sentence." Reyes-Requena, 243 F.3d at 900-01. Salinas-Landaverde is not challenging the execution of his sentence, but is instead claiming that the sentence itself was – at the time of imposition – illegally imposed, because he was not given a reduced sentence for only playing a minor role in the offense. Dkt. No. 1. This assertion attacks the imposition of the sentence, rather than its execution. Accordingly, his claim is one properly raised under § 2255.

Furthermore, the "savings clause" is inapplicable in this case. As noted earlier, to avail himself of the savings clause, Salinas-Landaverde must establish: 1) that, based upon retroactively applicable Supreme Court decisions, what the petitioner was convicted of was not a criminal offense; and, 2) that the claim, whether or not raised before the circuit court, was foreclosed by previously decided cases in that circuit. Reyes-Requena, 243 F.3d at 904. Salinas-Landaverde's claims do not fall within these parameters; he is not challenging the legality of his underlying offense, but rather, the application of the Sentencing Guidelines to his case.

Finally, even if Salinas-Landaverde could satisfy all of the other criteria to show that § 2241 was applicable to his current petition, jurisdiction only exists with those courts within the district in which the petitioner is incarcerated. According to the docket sheet and Salinas-Landaverde's address on his petition, he is confined in Georgia. Dkt. No. 1. For that reason, the court with jurisdiction – if it existed at all, which it does not – would be in Georgia. Hooker, 187 F.3d at 682.[2]

Accordingly, the Court should construe his claim as if it were filed pursuant to § 2255. Under that construction, Salinas-Landaverde's fares no better and the petition should be dismissed.

---

[2] Given that Salinas-Landaverde's petition is clearly a § 2255 petition, there is no basis for transferring the case to Georgia.

7

**B. Section § 2255**

As previously noted, Salinas-Landaverde has already filed an unsuccessful § 2255 petition. Thus, this petition is his second collateral attack on his sentence via § 2255.

When a petitioner files a second or subsequent habeas petition attacking the same judgment of conviction that was attacked in the first petition, the second or subsequent petition is considered to be a successive petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction.") (quoting Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003)). The instant petition attacks the same judgment of conviction as the first 2255 petition that Salinas-Landaverde filed. Accordingly, under the broad rule of Hardemon, the instant petition is a successive petition.

This holding does not prohibit Salinas-Landaverde from pursuing this claim. In certain circumstances, successive claims are permitted, but only after obtaining the Circuit Court of Appeals' permission. 28 U.S.C. § 2244(b)(3)(A). In the absence of that authorization, the district court lacks jurisdiction to hear the case. Key, 205 F.3d at 774. That is the case, here.

Salinas-Landaverde has not identified, and the Court has not found, any authorization from the Fifth Circuit allowing Salinas-Landaverde to file the instant claim in this Court. Absent such an authorization, this Court lacks jurisdiction to hear Salinas-Landaverde's claim. Thus, the Court is precluded from considering the merits of Salinas-Landaverde's claim.[3]

This petition should be dismissed without prejudice so Salinas-Landaverde can seek

---

[3] If the Court had jurisdiction to consider the petition, it seems clear that Salinas-Landaverde's petition is meritless. Salinas-Landaverde is raising the same claims that he raised in his first § 2255 petition. That petition was denied as meritless. Salinas-Landaverde has not raised any new or additional arguments that call into question the validity of the Court's decision in the first § 2255 petition.

8

relief – if any is otherwise available – from the Fifth Circuit.[4]

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Jose Ignacio Salinas-Landaverde's Motion to Vacate, Set Aside or Correct Sentence, Dkt. No. 1, be **DISMISSED** without prejudice to refiling at the Court of Appeals for the Fifth Circuit.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 2, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge

---

[4] Because it is meritless on its face, no recommendation is made to simply transfer the petition for consideration by the Fifth Circuit.